UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.  Criminal No. 1:14cr33-HSO-JCG-3
    Civil No. 1:20cv261-HSO

RASAQ ADEROJU RAHEEM

**RESPONSE OF UNITED STATES TO MOTION FOR
POST-CONVICTION RELIEF UNDER 28 U.S.C. § 2255**

The United States respectfully submits this response to the motion of Rasaq Aderoju Raheem for post-conviction relief under Title 28, United States Code, Section 2255. For the reasons stated below, the motion should be denied.

## BACKGROUND

### A. The Trial Court Proceedings

On October 7, 2014, Raheem was charged, along with 19 other defendants, in a nine-count second superseding indictment resulting from a sprawling international fraud investigation. Count 1 charged all 20 defendants with knowingly and willfully conspiring to violate 18 U.S.C. §§ 1341, 1343 and 1344, all in violation of 18 U.S.C. § 1349. Count 2 charged that all 20 defendants conspired under 18 U.S.C. § 371 to commit offenses against the United States, namely, violations of 18 U.S.C. §§1028(a)(7), 1029(a)(3), 1029(a)(5) and 641. Counts 3 through 8 alleged that Ayelotan and Raheem, along with four codefendants, committed mail fraud, in violation of 18 U.S.C. § 1341 and 2. Count 9 charged all 20 defendants with conspiring to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 2. The court

later dismissed Counts 5, 6 and 8 as to Ayelotan and Raheem and Count 7 as to Ayelotan upon the Government's motions. A jury trial on the remaining charges began on January 17, 2017, and ended on February 7, 2017. The jury returned a verdict of guilty as to Ayelotan on each of the charges in Counts 1, 2, 3, 4 and 9. The jury found Raheem guilty as to each of Counts 1, 2, 3, 4, 7 and 9.

The court sentenced Ayelotan to a total of 1,140 months of imprisonment, to be followed by five years of supervised release. Ayelotan also was ordered to pay $2,085,614 in restitution and a $500 special assessment. Raheem received a total of 1,380 months of imprisonment, to be followed by five years of supervised release. Raheem also was required to pay $2,085,614 in restitution and a $600 special assessment

      B.     **The Appeal**

Raheem timely appealed his conviction and sentence, which appeal was denied by the Fifth Circuit Court of Appeals in a published decision on March 4, 2019, 917 F.3d 394 (5th Cir 2019) Raheem sought a writ of certiorari to the United States Supreme Court, which was likewise denied, October 7, 2019, 140 S.Ct. 308 (Mem).

      C.     **Motion under 28 U.S.C. § 2255**

Raheem now brings this motion pursuant to Title 28, Section 2255 to vacate, set aside or correct his sentence.

In his motion, Raheem asserts he received ineffective assistance of counsel on four grounds:

    1.    Failure to object at sentencing to consecutives sentences on counts that were grouped for guideline calculation.
    2.    Failure to object to calculating conduct outside the court's jurisdiction.
    3.    Failure to move for dismissal of offenses outside the court's jurisdiction.

4. Failure of appellate counsel to object to the trial court's lack of jurisdiction.

Raheem's assertions of ineffective assistance fail on all grounds.

## ARGUMENT

### I. Ineffective Assistance of Counsel

To successfully state a claim of ineffective assistance of counsel, a movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In evaluating an ineffective assistance of counsel claim, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

While Raheem titles his four grounds for relief as if there is a legal basis for each, his argument amounts to little more than a misunderstanding of the law regarding jurisdiction and sentencing. The affidavit of trial counsel for the defendant addresses the falsity of each of the

claims for failure to object. The trial transcript, appeal and affidavit of counsel demonstrate the quantity and quality of work trial counsel and appellate counsel performed on behalf of Raheem.

## **JURISDICTION**

Raheem alleges in grounds Two, Three and Four of his motion that trial counsel failed to object that the District Court lacked jurisdiction to use conduct outside its jurisdiction in the sentencing calculation; and failure of trial counsel to move to dismiss offenses outside the trial court's jurisdiction; and that appellate counsel failed to allege the trial court's lack of jurisdiction on appeal.

### **Trial Court Jurisdiction**

Jurisdiction in the Federal District Courts is governed by Title 18, United States Code, Section 3231, which provides "The district courts of the United States shall have original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." Title 18, United States Code, Section 3237, further provides

> **(a)** Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

In the instant case, each count of the indictment against defendant Raheem alleged a violation of a federal criminal statute. Therefore, the District Court had jurisdiction to hear the offenses against Raheem. Further, as presented at trial, the conspiracies came to light as a result of a victim in Biloxi, Mississippi, in the Southern District of Mississippi, receiving fraudulent

emails and stolen property through the mail, which she was asked to forward to the conspirators in South Africa. Other victims in Mississippi were included in fraudulent check schemes and laundering of proceeds through layers of prepaid credit cards.

While the defendant has not alleged venue as an issue, overt acts set out in the indictment reflect proper venue in the Southern District of Mississippi.

The offenses were committed in almost every district in the United States. Pursuant to the provision of Title 18 U.S.C.§ 3237 the Southern District of Mississippi is a district in which each and every charged conspiracy and scheme was begun, continued or completed, therefore jurisdiction was proper.

The facts and proof in the case demonstrate that jurisdiction was proper in the Southern District of Mississippi, failure to object to jurisdiction either at trial, sentencing or on appeal, does not support a claim of ineffective assistance of counsel as it has no merit.

**SENTENCING**

Raheem asserts in his first allegation of ineffective assistance that trail counsel failed to object to the court utilizing consecutive sentences for grouped offenses. This argument makes an invalid assumption that grouping for the purpose of the guideline calculation eliminates a sentence that reflects that calculation. In this case, the guideline calculation exceeded the maximum under United States Sentencing Guidelines, based on the actual and intended losses, therefore was reduced to a level 43, which carries a life term. Pursuant to Section 5G1.2(d) U.S.S.G. where the sentence on the count of conviction carrying the highest statutory maximum is less than the total punishment, here life, then the sentence imposed on one or more of the other counts SHALL run consecutively, but only to the extent necessary to produce a combined

sentence equal to the total punishment. (emphasis added) *United States v. Garcia,* 322 F.3d 842, 845 (5th Cir. 2003). To accomplish a sentence of life imprisonment as established by the guideline calculation consecutive maximum sentences on all counts of conviction cannot be said to run afoul of the grouping rules under the sentencing guidelines. Specifically, the sentencing guidelines require consecutive sentences to achieve a life sentence.

**NO NEED FOR AN EVIDENTIARY HEARING**

An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979). A hearing is not required when the allegations within the petition are inconsistent with the bulk of the defendant's previous conduct. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The movant is not entitled to nor is there need for such a hearing. The documents before this Court are sufficient to dispose of the issues.

CONCLUSION

For the foregoing reasons and authorities and based upon the entire record, the Petitioner's motion should be denied on the merits.

> Respectfully submitted,
> DARREN J. LAMARCA
> Acting United States Attorney
> Southern District of Mississippi
>
> By:    /s/ *Annette Williams*
> Annette Williams MS Bar #9641
> Assistant United States Attorney

Dated: February 19, 2021                1575 Twentieth Avenue
                                        Gulfport, Mississippi 39501
                                        Telephone: (228) 563-1560

# CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF) and I hereby certify that I have caused to be mailed, postage prepaid, a true and correct copy of the foregoing Response of United States to Motion to Vacate Sentence Pursuant To 28 U.S.C. § 2255 to the following non-ECF participant at his last known address:

    Rasaq Aderoju Raheem
    # 18368-043
    USP Coleman 1
    PO Box 1033
    Coleman, FL 33521

This the 19th day of February 2021.

    By:   /s/ Annette Williams
            Annette Williams