UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI



RASAQ ADEROJU RAHEEM,
    Movant,

V.                             Criminal No. 1:14cr33-HSO-JCG-3
                               Civil No. 1:20cv261-HSO

UNITED STATES OF AMERICA,
    Respondent.
_____/

## RAHEEM'S REPLY TO THE GOVERNMENT'S OPPOSITION AND REPLY TO TRIAL AND APPELLANT COUNSEL'S AFFIDAVIT

THE MOVANT, Rasaq Aderoju Raheem, hereby Pro Se, files this Reply to the Government's Opposition and Reply to trial and Appellant Counsel's Affidavit. Raheem states as follows;

GROUND ONE:

In reading the Government's opposition to this Ground, the Government is confused or simply didn't want to response to Raheem's ground argument directly: Counsel was ineffective for inviting error that the Court can sentence Raheem to the statutory maximum on a grouping offense.

Although, Counsel (Luke D. Wilson) stated in his affidavit:

> "[M]r. Raheem's advisory range was "LIFE" with an offense level of 47 (reduced to a level of 43 per the USSG). His count carrying the highest maximum statutory sentence was Count 1ss, which carried a maximum of 360 months. Thus, had the sentencing judge run the counts concurrently Mr. Raheem's total sentence would have been 360 months, well below his advisory range of Life and in contravention of USSG 5G1.2(d)."

See DE-1045 at 2

Counsel was incorrect. In reading the PSI DE-862 at 23 ¶77 and ¶78, it clearly show that Counsel was ineffective. The Probation Officer stated ...

> "¶77 [Raheem] has been convicted on Counts 1,2,3,4,7 and 9 of the Second Superseding Indictment. Pursuant to USSG § 3D1.2, all counts involving substantially the same harm shall be group together into a single Group. ... Specifically listed as a guideline applicable to fraud activity charged in Count 1,2,3,4 and 7 of the seconf superseding indictment. **Therefore, Count 1,2,3,4, and 7 will be grouped pursuant to USSG 3D1.2 (d).**"

> "¶78. In the case at bar, the guideline applicable to the money laundering charged in Count 9, specifically USSG 2s1.1, ... Because all of the conduct involved in the underlying fraudulent activity in the Grouped. Count 1 through 4 and 7 will be thoroughly considered under 2S1.1, the Grouped fraud Counts will be further grouped with Count 9, pursuant to USSG § 3D1.2(c)."

See Exhibit 1-A

2

Accordingly, had counsel not invited error and objected the Court would have sentence Raheem to a total sentence of 360 month as stated in the PSI -since Count 1 through 4 and 7 was grouped with Count 9. Therefore, since Raheem would have been sentence to 360 months opposed to 1,380 months had counsel not invited error. Raheem has met both prong of the Strickland test and is entitled to a re-sentence.

GROUND 5 through 9

The record will reflect that the Government has choose not to give a response or an opposition to Ground 5 through 9 and therefore have waived the right to give a response in opposition to these grounds.

Reply to Counsel to Ground Six:

In reviewing Counsel's response in his sworn Affidavit it clearly shows he was ineffective. Under United States Sentencing Guidelines § 1B1.3 cmt n.2 it clearly states: "[T]he scope of the criminal activity jointly undertaken by the defendant ... is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for any participant." See United States V. Turner, 319 F.3d 716, 724 (5th Cir. 2003)("[a] conviction for conspiracy does not automatically mean that every conspirator has foreseen the total quantity of [contraband] involved in the entire conspiracy.")

3

In reading the PSI, the probation officer clearly and plainly stated -after reviewing the Government's evidence in its entirety. "[D]uring the course of the conspiracy, the organization produced counterfeit checks and other monetary instruments worth approximately $29,000,000. Roughly, $26,000,000 of that figure is attributable to codefendants <u>Gabriel Oludare Adeniran, Emmanuel Adeniyi Osokomaiya, and Susan Ann Villeneuve;</u> the remainder [$3,000,000.] is attributable to codefendants <u>Geboveva Farfan and Oladimeji Seun Ayelotan.</u>" (emphasis added) See DE-862 16 at b) Exhibit 6-a

In reviewing the amount attributed to Raheem it total amount of no more than $5,0000. See PSI at ¶47-51 and 57-60. See also Exhibit 6-b, 6-c, 6-d  Counsel was ineffective for failing to object to the District Court failure in making an individualized findings.

Reply to Counsel to Ground Nine:

In reviewing counsel's response to this claim [Damon Stevenson] he admitted in not sending Raheem a copy of the trial and sentencing transcripts after several request. See DE-1046 at 2 ".5 **Defense Counsel does agree that Mr. Raheem continually asked for trial transcript.** As an appointed counsel and due to the cost of preparing the transcript, I attempted to have the transcript sent to Mr. Raheem via jump drive. However, the Bureau of Prisons would not accept it."

4

The problem with counsel's assessment is that is poor excuse and should be rejected. Appellate Counsel was appointed and knew that he would have to send a copy of the trial and sentencing transcript. The amount to send a copy is not costly, put it does way: Would not exceed the Court Voucher of payment! At no time did counsel reach out and asked if "the Bureau accepted jump drive?" Counsel provided no due diligence at all.

Furthermore, the CJA statute mandate the counsel provide Raheem with a copy -which till this day does not have them. The proper remedy is to vacate Raheem's sentence or provide Raheem a copy of his transcripts so he could reviewed them and make the proper argument.

## CONCLUSION

**WHEREFORE,** the Court should Grant Raheem's Motion to Vacate.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing is a true and correct copy that was placed in the prison's mailbox to be hand delivered to the Clerk of Courts, 2012 5th Street, Suite 403 Gulfport, Mississippi 39501 on this 22nd day of March 2021.

_____
Rasaq Aderoju Raheem