**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:14-cr-33-HSO-BWR-3** |
| | § | |
| | § | |
| **RASAQ ADEROJU RAHEEM** | § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT RASAQ
ADEROJU RAHEEM'S MOTION [1176] FOR COMPASSIONATE RELEASE**

Defendant Rasaq Aderoju Raheem ("Defendant" or "Raheem") seeks

compassionate release from incarceration under 18 U.S.C. § 3582, *see* Mot. [1176],

which the Government opposes, *see* Resp. [1177].  Because Raheem failed to exhaust

his administrative remedies, his Motion [1176] should be denied without prejudice.

I.  <u>BACKGROUND</u>

On October 7, 2014, Raheem was charged in a Second Superseding

Indictment [156] in this case with three conspiracy charges (Counts 1, 2, and 9) and

six different violations of 18 U.S.C. §§ 2 and 1341 (Counts 3 through 8).  *See* 2d

Superseding Indictment [156] at 4-32.  Following a jury trial, Raheem was convicted

of the crimes charged in Counts 1, 2, 3, 4, 7, and 9.  *See* Verdict Form [788] at 1-8.

To assist the Court in sentencing, the United States Probation Office

prepared a Presentence Investigation Report ("PSR").  *See* PSR [862] (filed under

seal).  Raheem's total offense level would have been a 47, *see id.* at 24, but "in those

rare instances where the total offense level is calculated in excess of 43, the offense

level will be treated as a level 43," *id.* at 62.   Based upon a total offense level of 43 and a criminal history category of I, the Guidelines imprisonment range was life, but because the statutorily-authorized maximum sentences were less than the maximum Guidelines range, the Guidelines range of imprisonment was 1,380 months.  *See id.* at 65 (citing U.S.S.G. § 5G1.2(b)).

At the conclusion of a lengthy sentencing hearing, the Court sentenced Raheem to a total of 1,380 months of imprisonment, consisting of terms of 360 months as to Count 1, 60 months as to Count 2, and 240 months as to each of Counts 3, 4, 7, and 9, all to run consecutively.  *See* J. [878] at 3.  Raheem appealed, and the United States Court of Appeals affirmed in all respects.  *See United States v. Ayelotan*, 917 F.3d 394, 399 (5th Cir.), *as revised* (Mar. 4, 2019).  The United States Supreme Court denied Raheem's petition for a writ of certiorari on October 7, 2019.  *See* Ex. [1010] at 1.

Raheem, who is now 42 years old, is presently incarcerated at United States Federal Correctional Institution ("FCI") Miami in Miami, Florida.  *See* Envelope [1176-2] at 1; PSR [862] at 4 (filed under seal).   With a projected release date of September 23, 2051, he has served approximately 78% of his 1,380-month sentence of imprisonment.  *See* J. [78] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 09/23/2051" for Rasaq Aderoju Raheem, Register Number: 18368-043) (last visited June 29, 2026).

Proceeding pro se, on May 19, 2026, Raheem filed the present Motion [1176] for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  *See* Mot. [1176].

Raheem argues that his sentencing range should be reduced because it "is grossly disproportionate under current legal standards." *Id.* at 1; *see id.* at 2 (citing U.S.S.G. § 1B1.13(b)(6)).  Raheem insists that his sentence was based upon a fundamentally flawed loss calculation, *see id.* at 1, and he cites his exceptional rehabilitation and "perfect disciplinary record," *id.* at 2.  Raheem asks that the Court "reduce his sentence to time served and order his immediate release," or alternatively, reduce his term of imprisonment.  *Id.*

The Government opposes the Motion [1176], arguing that Raheem failed to petition the BOP for release and exhaust his administrative remedies.  *See* Resp. [1177] at 4-5.   Even if properly exhausted, the Government argues that Raheem has not shown any extraordinary and compelling reasons warranting early release, and that the factors set forth at 18 U.S.C. § 3553(a) weigh against it.  *Id.* at 6-15.

## II.  DISCUSSION

A.    Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>   (A)    the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the*

> *receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i)     extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court.  Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"  *United States v. Franco*, 973 F.3d 465, 567 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Although the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory.  *Id.*

B.     Analysis

The Government argues that Raheem has not exhausted his administrative remedies prior to seeking compassionate release.  *See* Resp. [1177] at 4-5.  Raheem has not filed a timely reply or otherwise responded to this argument, and the Government has presented evidence that the facility at which he is housed has no record of such a request.  *See* Ex. A [1177-1].

The statute requires that a movant first make a request "to bring a motion on the defendant's behalf."  18 U.S.C. § 3582(c)(1)(A); *see United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (holding that exhaustion begins with "requesting that the [BOP] bring a motion on the defendant's behalf" (quoting *Franco*, 973 F.3d at

467)).   While Raheem states in his unsworn Motion [1176] that he "submitted a formal request for compassionate release to the Warden of FCI Miami" on March 16, 2026, Mot. [1176] at 3, there is no evidence in this case that the Warden ever received a proper request from Raheem or that he fully exhausted his administrative remedies, *see* Ex. A [1177-1]; 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338.   Because Raheem has not demonstrated that he exhausted his administrative remedies, his Motion [1176] should be denied for failure to exhaust. *See* 18 U.S.C. § 3582(c)(1)(A); *Franco*, 973 F.3d at 567; *see also, e.g., United States v. Taylor*, 855 F. App'x 975 (5th Cir. 2021) (per curiam) (affirming district court denial of compassionate release for failure to exhaust when movant offered only conclusory assertions that he met exhaustion requirement, and the supporting proof that movant had offered in the district court, which was warden's letter denying a request for home confinement, did not show that the movant had asked the BOP to seek compassionate release on his behalf as required).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Rasaq Aderoju Raheem's Motion [1176] for Compassionate Release under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 13th day of July, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE